Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
Crosby S. Connolly (SBN: 286650)
crosby@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Fax: (619) 297-1022

Attorneys for Kimberley Brown

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kimberley Brown,<br><br>                    Plaintiff,<br><br>v.<br><br>Law Offices of D. Scott Carruthers and D. Scott Carruthers,<br><br>                    Defendants. | Case No: '13CV0627 L    KSC<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Kimberley Brown, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Law Offices of D. Scott Carruthers, ("Law Offices of D. Scott Carruthers"), Attorney Dennis Scott Carruthers, ("Attorney Carruthers"), collectively, ("Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because Defendants do business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

13. Plaintiff is a natural person who resides in the City of San Diego, State of California.

14. The Law Offices of D. Scott Carruthers is located in the City of Stanton, in the State of California.

15. Attorney Carruthers, owner of the Law Offices of D. Scott Carruthers, is located in the City of Stanton, in the State of California.

16. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

18. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

19. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

20. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

21. Sometime before November 16, 2012, Plaintiff is alleged to have incurred certain credit card-related financial obligations.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

24. Sometime thereafter, but before November 16, 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt to Mountain Lion Acquisitions, LLC. Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before November 16, 2012, the alleged debt was assigned, placed, or otherwise transferred from Mountain Lion Acquisitions, LLC to the Law Offices of D. Scott Carruthers for collection.

26. On or about September 6, 2012, the Law Offices of D. Scott Carruthers mailed a dunning letter to Plaintiff. A few days later, Plaintiff received that letter.

27. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

28. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

29. Subsequently, on or about September 25, 2012, and within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiff notified the Law Offices of D. Scott Carruthers in writing, that this alleged debt, or some portion of it, was disputed.

30. Plaintiff further notified the Law Offices of D. Scott Carruthers in Plaintiff's September 25, 2012 letter that Defendants were to immediately cease all telephonic communication with Plaintiff at (1) Plaintiff's place of employment, (2) with Plaintiff's husband, and (3) at Plaintiff's husbands' place of employment.

31. Subsequently, on or about January 4, 2013, the Law Offices of D. Scott Carruthers contacted Plaintiff's husband at Plaintiff's husband's place of employment, by telephone. During this phone call, Law Offices of D. Scott Carruthers falsely stated to Plaintiff's husband that Plaintiff had already admitted to the alleged debt, and that in order to keep the Law Offices of D. Scott Carruthers from filing a lawsuit, Plaintiff needed to immediately file a payment with the Law Offices of D. Scott Carruthers.

32. During the Law Offices of D. Scott Carruthers' January 4, 2012, telephonic communication with Plaintiff's husband at Plaintiff's husband's place of employment, the Law Offices of D. Scott Carruthers also falsely stated that

Plaintiff had made payments, with a debit card ending in the numbers 5038, in the amount of $164.00 towards Plaintiff's alleged debt on October 7, 2012 and November 7, 2012. Despite this allegation by the Law Offices of D. Scott Carruthers, to date, Plaintiff has made no payments with a debit card ending in the numbers 5038, towards this or any other alleged debt.

33. Through this conduct, Defendants used false representations or deceptive means to collect or attempt to collect a debt or to obtain information concerning a consumer. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

34. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

35. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, the Law Offices of D. Scott Carruthers' conduct or omission violated Cal. Civ. Code § 1788.17.

36. On or about January 7, 2013, the Law Offices of D. Scott Carruthers, acting on behalf of Mountain Lion Acquisitions, LLC, called Plaintiff's place of employment and spoke with a colleague of Plaintiffs. During this conversation, the Law Offices of D. Scott Carruthers stated to Plaintiff's colleague that the Law Office of D. Scott Carruthers intended to garnish the wages of Plaintiff.

37. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendants, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendants communicated, in connection with the collection of a debt, with a

person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendants. Consequently, Defendants violated 15 U.S.C. § 1692c(b).

38. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, the Law Offices of D. Scott Carruthers' conduct or omission violated Cal. Civ. Code § 1788.17.

39. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

40. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, the Law Offices of D. Scott Carruthers conduct or omission violated Cal. Civ. Code § 1788.17.

41. The Law Offices of D. Scott Carruthers' continuous calls to Plaintiff's place of employment became so often and disruptive, Plaintiff's Supervisor had to counsel Plaintiff, whereby Plaintiff's Supervisor advised Plaintiff to take care of her alleged debts because the continuous calls by Defendants were starting to effect Plaintiff's work performance.

42. Consequently, the Law Offices of D. Scott Carruthers illegal conduct begain to endanger Plaintiff's job.

43. Without the prior consent of the consumer given directly to the Defendants or the express permission of a court of competent jurisdiction, Defendants communicated with the consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be

known to be inconvenient to the consumer. Consequently, Defendants violated 15 U.S.C. § 1692c(a)(1).

44. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, the Law Offices of D. Scott Carruthers' conduct or omission violated Cal. Civ. Code § 1788.17.

45. Without the prior consent of the consumer given directly to the Defendants or the express permission of a court of competent jurisdiction, Defendants communicated with the consumer in connection with the collection of a debt at the consumer's place of employment when Defendants knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communication. Consequently, Defendants violated 15 U.S.C. § 1692c(a)(3).

46. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, the Law Offices of D. Scott Carruthers' conduct or omission violated Cal. Civ. Code § 1788.17.

47. On or about January 7, 2013, the Law Offices of D. Scott Carruthers, acting on behalf of Mountain Lion, called Plaintiff's place of employment in an attempt to collect the alleged debt after Defendants was notified in writing that Defendants were to cease further communication with the Plaintiff in a manner consistent with the requirements in 15 U.S.C. § 1692c(c). Consequently, Defendant violated 15 U.S.C. § 1692c(c).

48. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17,

the Law Offices of D. Scott Carruthers' conduct or omission violated Cal. Civ. Code § 1788.17.

49. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

50. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, the Law Offices of D. Scott Carruthers' conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

### (AS TO ALL DEFENDANTS)

51. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

53. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

//

# COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
## CAL. CIV. CODE §§ 1788-1788.32
### (AS TO THE LAW OFFICES OF D. SCOTT CARRUTHERS ONLY)

54. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

55. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

56. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendants.

//
//
//
//
//
//
//
//
//
//
//
//
//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

57. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: March 14, 2013              By: s/ Crosby S. Connolly
                                      Crosby S. Connolly
                                      Attorneys for Plaintiff